**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,          )
                                   )
                    v.             )          2:22-cr-00058-CB-1
                                   )
JAMES GILMORE,                     )          Judge Cathy Bissoon
                                   )
                    Defendant.     )

**MEMORANDUM OPINION**

At the Sentencing Hearing, the Court provided verbal explanations for overruling
Defendant's objections to the enhancement applied under Section 2K2.1(b)(6). This filing
supplies additional explanations, including detailed legal citations, that were unamenable to oral
pronouncement.

The circumstances presented in this case, namely, Defendant's disposal of a firearm
while fleeing law enforcement by moving vehicle, distinguishes it from a large majority of the
reported legal precedents. The Court explained on the record why a narrow or mechanical
application of the "close proximity" inquiry would have the perverse effects of encouraging,
and rewarding, highly troubling and dangerous conduct – fleeing law enforcement by vehicle;
and "ditching" a firearm, in a public place, during the course of said flight. None of the legal
decisions reviewed by the Court can be read to countenance or compel such a result.

Even applying conventional analyses to this unconventional scenario, the result is the
same. In addition to Commentary Note 14(B), the enhancement also may apply – and does here
– under Note 14(A). S*ee generally* United States v. Perez, 5 F.4th 390, 399-400 (3d Cir. 2021).
Note 14(A) "creates a general rule that the enhancement . . . should apply if a firearm facilitated,

or had the potential of facilitating, another felony offense." *Id.* at 399 (citation to quoted and other sources omitted). Both subsections encompass the "potential to facilitate" standard, and both preclude the enhancement where the record shows, by a preponderance of the evidence, that "the presence of the firearm [was] accidental or coincidental." *Id.* at 400.

The government's productions warrant an application of the enhancement under both 14(B) and 14(A) – and the latter forms a separate and independent basis for overruling Defendant's objection. Defendant's blanket disavowal of any connection to the recovered drugs short-circuits discussions of whether the firearm's presence was "accidental or coincidental." The concept presupposes an acknowledgement that controlled substance(s) and firearm(s) were recovered in area within the defendant's dominion and control. By unequivocally denying any connection, Defendant cannot liken himself to a drug trafficker who "coincidentally ha[d] a hunting rifle buried in [his] closet." *See* Perez at 397-98, 402 (citing and quoting United States v. Loney, 219 F.3d 281 (3d Cir. 2000)).

Defendant's unconditional disavowal shuts down further discussions, and his objection rises or falls on the evidence supporting or undermining the blanket denial. And, as explained at the Hearing, the evidence of connection between Defendant, the firearm and the drugs is *substantial*, and the government has cleared the preponderance-of-the-evidence standard by a wide margin.

Finally, factors used to test the degree of interconnectedness include ones that weigh heavily against Defendant. Among other things, courts examine the type of firearm involved, with handguns more likely to be connected to drug trafficking than hunting rifles; and whether the gun was loaded. *Id.* at 400-401. Here, the weapon was loaded, and the government recounts

multiple incriminating characteristics.  *See* Doc. 120 at 5-6, ⁋ 11 (the weapon is a semiautomatic AR-style pistol, with a stabilizing stock, an extended magazine and a "red-dot" sight).

In sum, an application of the enhancement is warranted under Application Note 14(B) – and, independently, under 14(A) and consistent with the teachings in Perez.


Filed:  August 19, 2025[1]                                s/Cathy Bissoon                 
                                                           Cathy Bissoon
                                                           United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[1]  The present filing elucidates the Court's legal reasoning as relates to 2K2.1(b)(6), and it has no bearing on, and is entirely consistent with, the Judgment and Committal Order (Doc. 133). The time for filing a notice of appeal, therefore, is unaffected.  Fed. R. App. P. 4(b)(1); *cf. generally* U.S. v. Kilkeary, 410 Fed. Appx. 554, 557-58 (3d Cir. Feb. 1, 2011) (an unpublished decision, cited only as an example of an appeal in which the Circuit Court considered the district court's written, contemporaneous explanations – in that case, a "rider" docketed four days after the sentencing hearing – in affirming the sentence).  Should either side believe that the one-day differential in filing dates, between the J&C and the present entry, provides good cause for a one-day extension of the appeal period, counsel may file a motion under Appellate Rule 4(b)(4).